CULPEPPER, Judge.
The plaintiff, Larry Ryder, appeals from a decision by the Ninth Judicial District Court affirming a ruling by the Fire and Police Civil Service Board of the City of Pineville. The board abolished the classification of deputy fire chief, which position was formerly held by Ryder.
The issue is whether the action of the Board was taken “in good faith for cause”, within the meaning of LSA-R.S. 33:2561.
The City of Pineville has a population of about 9,000. Its Fire Department is subject to the provisions of LSA-R.S. 33:2531-2568, relating to fire and police Civil Service Laws for small municipalities. The Pine-ville Fire Department has about 17 employees. Before the classification of deputy fire chief was abolished, the department consisted of a fire chief, a deputy chief, three assistant chiefs, and the rest were fire captains, fire fighters and chauffeurs.
In September of 1976, the Pineville City Council, which is the appointing authority, voted to abolish the classification of deputy chief. Ryder was retained as an assistant chief, with a reduction in salary of $478.08 per year.
Ryder requested a hearing before the Fire and Police Civil Service Board to determine the reasonableness of the action. The Board granted a public hearing which was held on December 9, 1976. Present at the hearing were Ryder and his attorney, the Board and its attorney, the Mayor of the City of Pineville, the fire chief and several other witnesses. After hearing the testimony, the Board voted to abolish the classification of deputy fire chief and to assign Ryder to the classification of assistant chief.
Ryder appealed the Board’s decision to the district court. In affirming the Board’s decision, the district judge gave the following written reasons:
“It is the appellant’s position that the action of the Appointing Authority and the Fire and Police Civil Service Board was not made in good faith and for just cause. It is the City of Pineville and the Fire and Police Civil Service Board’s position that the $204,000.00 deficit, reflected by a 1976 audit of the city, compelled the *300 institution of an austerity program and the subject of this suit was a part of that program. As a consequence of the austerity program, payments of the auxiliary police were discontinued, personnel at the community center were reduced, expenses on maintenance facilities were reduced, expenses on the oxidation pond were reduced and the superintendent at the City barn was demoted.
“The court has examined the entire transcript and attachments thereto and the applicable law. This review is limited to a determination of whether the Civil Service Board acted in good faith and for just cause. A complete review reflects that there was no bad faith on the part of the Pineville Civil Service Board in abolishing the position of Deputy Fire Chief and reclassifying the appellant as Assistant Chief, nor was the action arbitrary nor discriminatory toward the appellant. The court finds that the financial condition of the Appointing Authority necessitated the initiation of corrective measures because of the deficit, and further, that the abolition of the class of Deputy Fire Chief and reclassification of the appellant as Assistant Chief was part of the larger austerity program.”
In addition to the reasons stated by the district judge, we note that the Mayor of the City of Pineville, in his testimony before the Board, emphasized the fact that Pineville was the only city of its size in the State of Louisiana which had the classification of deputy fire chief. He also noted that Pineville has 17 employees in the Fire Department, whereas other cities of comparable size have only 8 or 9. The Mayor was of the opinion the Fire Department did not need a deputy chief and perhaps did not need as many employees. In this situation, it was the opinion of the Mayor and the Council that the Fire Department was a logical place to try to cut some of the expenses of the City.
Plaintiffs principal argument on appeal is that the savings to be realized by the city from the abolition of the classification of deputy fire chief are not sufficient to justify this action. As stated above, the savings realized by reducing Ryder from deputy chief to assistant chief will be $478, or about $40 a month. The district judge’s answer to this argument, as stated above, is that this is only part of a larger austerity program. Furthermore, as indicated by the above discussed portion of the Mayor’s testimony, economy alone was not the reason for abolishing the classification of deputy fire chief.
We have carefully reviewed the record and find that the evidence amply supports the trial judge’s decision.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.